The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. After careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award. Therefore, the July 26, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. On July 22, 1992 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, the employee-employer relationship existed between the plaintiff and the defendant-employer.
3. At such time, defendant-employer was self-insured with Constitution State Services Company as servicing agent.
4. Plaintiff's average weekly wage as established by a Form 22 Wage Chart is $379.12, yielding a compensation rate of $252.76.
5. On July 22, 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer at which time she injured her left knee.
6. Medical records from Med Care, Health Focus, and Burlington Orthopedics and Hand Surgery, collectively marked as Stipulated Exhibit No. 1, are received into evidence.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing plaintiff was forty-two years old, had a high school diploma and CDL, and had previously been licensed as a cosmetologist and certified nurse's assistant, and worked as a LTD puller in defendant-employer's warehouse. Plaintiff's previous employments consist of driving a bus, working as a cosmetologist and as a nursing assistant. The duties of plaintiff's job as LTD puller required her to handle items of various sizes weighing up to 90 pounds.
2. On July 22, 1992 plaintiff, while in the normal course of her duties for defendant-employer, fell off a tow motor machine. At the time that she fell off the tow motor machine, plaintiff was wearing a safety belt attached to a rope which caught her when she fell and suspended her in mid-aid while her left knee was caught between the tow motor machine and a pallet. This incident constituted an interruption of her normal work routine likely to result in unexpected consequences.
3. Almost immediately thereafter, plaintiff reported the incident to her supervisor and then to the plant nurse, at which time plaintiff, her supervisor and the plant nurse thought that plaintiff had sustained only an abrasion to her left knee. Plaintiff continued to work the rest of the week.
4. On July 27, 1992 plaintiff began experiencing low back pain radiating into her legs, for which the plant nurse sent plaintiff to Med Care for examination and treatment. Thereafter, plaintiff was seen and treated conservatively at Med Care, and by Dr. Hines and his physician's assistant, Jon Wolfe, for low back strain and a contusion to her left knee.
5. Pursuant to direction from her medical care providers, plaintiff worked on light duty for defendant-employer under restrictions of no lifting greater than ten pounds and no climbing, bending or squatting, from July 29, 1992 until October 13, 1992, at which time she returned to her regular job and worked two hours before leaving work with complaints of low back pain, numbness in her left leg and dizziness. During the period of time in which plaintiff worked on light duty, she was paid at the same rate she was paid at the time of the July 22, 1992 incident at work.
6. On October 15, 1992 plaintiff saw Dr. Hines at defendant-employer's direction, at which time she complained of low back pain, left leg discomfort and dizziness. Dr. Hines ordered a MRI of her back, continued conservative treatment and took plaintiff out of work due to her dizziness but not due to her low back pain. Plaintiff's dizziness was unrelated to the July 22, 1992 incident at work.
7. On October 27, 1992, following a normal MRI of her back, Dr. Hines ordered a functional capacity evaluation of plaintiff and released her to return to work on light duty beginning October 29, 1992. Thereafter, Dr. Hines released plaintiff to return to work without restriction beginning November 9, 1992.
8. Although defendant-employer had light duty work available for plaintiff on October 29, 1992, plaintiff did not attempt to return to work on light duty. Further, although plaintiff's regular job was available upon her release to return to work without restriction on November 9, 1992, she did not attempt to return to work at that time. Plaintiff's failure to return to light duty work on October 29, 1992, and failure to return to work on November 9, 1992, were without justification.
9. Between November 16, 1992 and August 26, 1993 plaintiff was seen by Dr. Pathman, a family medical practitioner in Chapel Hill, for complaints of low back pain and left leg pain.
10. In August 1993 plaintiff began working for two hours a day as a bus driver for Head Start.
11. As a result of the July 22, 1992 incident described in Finding of Fact No. 2 hereinabove, plaintiff sustained a low back strain and contusion of the left knee.
12. The credible evidence in the record fails to establish that plaintiff, as a result of the July 22, 1992 incident described in Finding of Fact No. 2 hereinabove, was unable to earn any wages in any employment at any time from October 13, 1992, the date she last attended work at defendant-employer, until the close of the record in this matter.
13. The medical care and treatment that plaintiff received from, or at the direction of Med Care, Dr. Hines and Mr. Wolfe, from July 29, 1992 to November 9, 1992, were reasonably required to effect a cure, give relief or lessen the period of disability from the incident of July 22, 1992, described in Finding of Fact No. 2 hereinabove.
14. Plaintiff neither obtained defendant-employer's approval for medical treatment by Dr. Pathman nor sought approval of the Industrial Commission within a reasonable period of time after beginning medical treatment with Dr. Pathman. At no time did defendant-employer fail to provide plaintiff with adequate medical care and treatment related to the July 22, 1992 incident described in Finding of Fact No. 2 hereinabove. Further, plaintiff's treatment with Dr. Pathman was not precipitated by emergency circumstances.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On July 22, 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2 (6).
2. Although plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on July 22, 1992, plaintiff did not sustain any disability between July 29, 1992 and October 29, 1992 as a result thereof. Further, subsequent to October 29, 1992 plaintiff unjustifiably refused employment procured by defendant-employer which was suitable to her capacity. Therefore, plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-28; N.C.G.S. § 97-32.
3. Plaintiff is entitled to have defendant provide all medical compensation arising from her July 22, 1992 injury by accident to the extent that it tends to effect a cure, give relief or lessen the period of disability, excluding the care and treatment rendered by, or at the direction of, Dr. Pathman from November 16, 1992 to August 26, 1993, inasmuch as plaintiff neither sought the approval of the Industrial Commission to obtain treatment by Dr. Pathman within a reasonable period of time after beginning treatment nor obtained said treatment under emergency circumstances. N.C.G.S. § 97-2 (19); N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of her July 22, 1992 injury by accident, excluding the treatment rendered by Dr. Pathman from November 16, 1992 to August 26, 1993, when bills for the same have been submitted through defendant's servicing agent to the Industrial Commission and thereafter approved by the Industrial Commission.
2. Each side shall pay its own costs, except that the defendant shall pay expert witness fees in the amount of $215.00 to Dr. Edward L. Hines, $85.00 to Mr. Jon Wolfe and $175.00 to Dr. Donald E. Pathman.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ ________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 1/6/95